UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL SNIPES, )
 )
 *Petitioner*, )
 )
v. ) Nos. 2:03-cr-70; 2:13-cv-269-RLJ
 )
UNITED STATES OF AMERICA, )
 )
 *Respondent*. )

## MEMORANDUM OPINION

This *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 brought by federal inmate Michael Snipes, a/k/a Sirrico Darnell Snipes, is back before the Court upon remand of the Sixth Circuit, (Doc. 102).[1] The case was remanded for a determination of the merits of the sentence-enhancement claim raised in petitioner's motion to supplement his original § 2255 motion.

Petitioner's claim is that, under the holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he is no longer subject to career offender status, under U.S.S.G. § 4B1.1, or to a mandatory life sentence, under 21 U.S.C. § 841(b)(1)(A), because his North Carolina drug convictions, which triggered the mandatory life sentence, no longer qualify as prior felony convictions for purposes of enhancing his sentence.[2] *Simmons*

---

[1] Docket number citations in this opinion refer to petitioner's criminal case (No. 2:03-cr-70).

[2] As used in § 841(b)(1)(A), a "felony drug offense" means any state or federal drug offense punishable by more than one year's imprisonment. *Burgess v. United States*, 553 U.S. 124, 129 (2008). *Simmons* makes it clear that the maximum sentences which Snipes could have received

held that, under North Carolina's structured sentencing scheme, the maximum sentence for an offense hinges on a defendant's individual prior criminal history, so that the maximum sentence is not the highest sentence which could be imposed on an offender with the worst criminal history, but the highest sentence an individual offender can receive, in light of his own individual prior criminal history. The Sixth Circuit had previously reached the same conclusion in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008).

The government has responded to petitioner's motion to supplement, agreeing that the *Pruitt*-based claim raised therein has merit, waiving any reliance on the § 2255 waiver provision in petitioner's plea agreement and on a statute-of-limitation defense, and conceding that, under *Pruitt*'s retroactive decision, his North Carolina prior convictions are not qualifying predicate convictions since they did not expose him to more than a year imprisonment and that he is no longer subject to the statutory minimum sentence to which he was originally sentenced, (Doc. 104). For the reasons which follow, Snipes' § 2255 motion, as supplemented, will be **GRANTED,** and he will be resentenced to a sentence of time served.

The motion is reviewed under 28 U. S. C. § 2255(a), which permits a federal prisoner to make a motion to vacate, set aside, or correct a judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that

---

for the relatively small amounts of drugs involved in his North Carolina cocaine and marijuana convictions, given his criminal background, were respective sentences of 8 months and 6 months, (Presentence Investigation Report, Part B. Defendant's Criminal History, ¶¶ 38 and 41).

2

the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

In 2003, following his guilty plea, Snipes was convicted of conspiracy to distribute and to possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack) and 500 grams or more of a mixture and substance containing a detectible amount of cocaine (powder), in violation of 21 U.S.C. § 846 and § 841(a)(1). Due to Snipes' admission to the quantity of crack cocaine and his two prior felony drug convictions, he received a statutory mandatory minimum sentence of life imprisonment without release. *See* 21 U.S.C. § 841(b)(1)(A).

In its response, the United States acknowledges that the Court has discretion either to resentence petitioner or correct his sentence. The government suggests that petitioner's Guidelines range is now 151 to 188 months imprisonment, to be followed by five years of supervised release.[3] The government takes the position that, given the sentencing factors in 18 U.S.C. § 3553(a), the seriousness of petitioner's offense, and his criminal history, which includes convictions for drug trafficking, assault, and accessory-after-the-fact to murder, a sentence in the middle of that range seemingly would be appropriate, though the government likewise notes that petitioner has been free of any disciplinary sanctions while imprisoned under the challenged life sentence. According to

---

[3] This is the method by which that range was calculated, using the 2013 version of the Sentencing Guidelines. The sum of the drug quantities involved in petitioner's offense (85 grams of crack cocaine and 5 kilograms of cocaine powder) converts to 1,303.5 kilograms of marijuana equivalent. That figure (1303.5 kilograms of marijuana equivalent) yields a base offense level of 32, which is reduced by three points for acceptance of responsibility, leading to a total offense level of 29. The total offense level of 29, with petitioner's criminal history category of VI, results in an advisory Guidelines range of 151-188 months' imprisonment.

3

the government, petitioner has served 138 months in custody, with some 17 months of prior jail credit, so that he appears to be eligible for immediate release (138 months + 17 months = 155 months), were the Court to decide to impose a sentence of 151 months, the low end of his Guidelines sentence.[4] The United States, ultimately, defers to the Court's discretion, as guided by § 3553(a)'s factors, as to petitioner's sentencing modification.

The Court has carefully considered the claim in the supplemental § 2255 motion, the parties' arguments, the § 3553(a) factors, and the just disposition of the motion. Accordingly, in view of the government's waiver of any objections under the particular facts and circumstances of this case, the Court will **GRANT** petitioner's § 2255 supplemental motion, (Doc. 84), and will enter an order amending the judgment to reflect a time served sentence of imprisonment.

The Court has reached this decision despite the government's argument that a sentence in the middle of the Guidelines range would be appropriate. The middle of the Guidelines range is 169.5 months imprisonment, which is a sentence of 14.5 months more than the sentence petitioner has already served, according to the calculations included in the United States' response. The government's figures do not appear to account for any sentencing credits which petitioner may be awarded for good behavior. Furthermore, the Court finds that petitioner's apparent exemplary conduct while confined, as reflected by the lack of any disciplinary measures imposed against him for

---

[4] The mid-point of petitioner's Guidelines sentencing range of 151 – 188 months is 169.5 months of incarceration. The United States indicates that calculating petitioner's sentence under the 2014 Sentencing Guidelines Manual, which incorporates Amendment 782, would lower his Guidelines sentencing range to 130 – 162 months imprisonment, but that using the 2014 version of the Guidelines would preclude his release before November 1, 2015.

4

prison rule infractions, shows a marked degree of post-sentencing rehabilitation efforts. And, significantly, petitioner engaged in this good behavior even while facing a life term of confinement. *See United States v. Gapinski*, 422 F. App'x 513, 520 (6th Cir. 2011) (citing *Pepper v. United States*, 562 U.S. 476 (2011)).

An separate judgment **SHALL** enter.


**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE

5

Case 2:03-cr-00070 Document 105 Filed 05/14/15 Page 5 of 5 PageID #: 420